```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
GARCELLE N. MENOS,                              :
                                                :
                        Plaintiff,              :         REPORT AND
                                                :         RECOMMENDATION
              -against-                         :
                                                :         22-CV-1449 (PKC)(PK)
UNCLE NEAREST, INC and FAWN WEAVER,             :
                                                :
                        Defendants.             :
                                                :
                                                :
                                                :
------------------------------------------------------------- X
```

**Peggy Kuo, United States Magistrate Judge:**

Garcelle N. Menos ("Plaintiff") brought this action against Uncle Nearest, Inc. ("Uncle Nearest") and Fawn Weaver (collectively, "Defendants"), alleging that they sexually harassed or discriminated against her and created a hostile work environment. Before the undersigned on referral from the Honorable Pamela K. Chen is Plaintiff's motion for leave to file a first amended complaint (the "Motion"). (Dkt. 21.) For the reasons stated below, the undersigned recommends that the Motion be granted in part and denied in part.

## BACKGROUND

The following facts are drawn from the Complaint (Compl., Ex. A to Notice of Removal, Dkt. 1-1) and accepted as true for purposes of the Motion only.

Plaintiff was employed as a Brand Stewart by Uncle Nearest, producer of Uncle Nearest Premium Whiskey, from October 13, 2020 to December 10, 2021. (*Id.* ¶¶ 14-15, 69.) Weaver is the CEO of Uncle Nearest. (*Id.* ¶ 4.) On multiple occasions between October 1, 2020 and July 1, 2021, Plaintiff's direct supervisor, Christopher Harper, asked Plaintiff "whether she had a 'loved one,' indicating his own sexual interest in her." (*Id.* ¶¶ 14, 18-19.) During a work trip between June 14 and 20, 2021, Harper, without Plaintiff's consent, slid his hand from Plaintiff's upper back down to her

buttocks on two occasions; on June 15, he let his hand rest on her buttocks, and on June 19, he grabbed her buttocks. (*Id.* ¶¶ 30, 44.) On June 25, 2021, at approximately 11:30 p.m., Harper texted Plaintiff asking her to call him although it was well outside work hours. (*Id.* ¶ 47.)

On July 1, 2021, Plaintiff filed written claims of sexual harassment and hostile work environment with Weaver. (*Id.* ¶ 51.) Weaver hired a third-party investigator who investigated Plaintiff's claims and questioned Plaintiff about them. (*Id.* ¶¶ 61-62.)

Weaver retaliated against Plaintiff for filing her claims. Weaver "instructed Plaintiff to report to her directly," which "froze Plaintiff out by isolating and excluding Plaintiff from communications with Plaintiff's coworkers…." (*Id.* ¶ 55.) She was "defensive towards and dismissive of Plaintiff" and unreasonably denied Plaintiff's requests. (*Id.* ¶ 57.) Weaver also visited restaurants in New York where Plaintiff had opened accounts without informing Plaintiff, "thus excluding Plaintiff from opportunities to improve her established relationship with those accounts." (*Id.* ¶ 59.) Moreover, although Weaver noted that "everyone's max bonus will be paid out for Q3, not [sic] matter what," everyone received their bonuses except Plaintiff. (*Id.* ¶¶ 66-67.) Plaintiff has not been paid any of her unpaid wages or bonus pursuant to the company's "Full-Time Brand Stewart Incentive Plan" agreement. (*Id.* ¶¶ 63-65, 68-69.)

Because of Harper's sexual harassment and Weaver's retaliatory conduct, Plaintiff has suffered physical and emotional distress and was forced to resign on December 10, 2021. (*Id.* ¶¶ 69-71.)

## **PROCEDURAL HISTORY**

Plaintiff filed a charge against Defendants with the EEOC and obtained a Notice of Right to Sue on October 28, 2021. (Dkt. 21-8.) Eighty-five days later, on January 21, 2022, Plaintiff commenced an action against Uncle Nearest and Harper in *Menos v. Uncle Nearest, Inc. et al*, 22-CV-382 (PKC)(SJB) (E.D.N.Y.) (hereinafter, "*Menos I*"), alleging that they had sexually harassed or discriminated against her at her workplace and retaliated against her under Title VII of the Civil Rights

Act ("Title VII"), 42 U.S.C. § 2000e *et seq.*, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290 *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code § 8-107. (*See* Dkt. 1 in *Menos I*, ¶¶ 78-117.)

On February 17, 2022, Plaintiff voluntarily dismissed *Menos I* without prejudice. (*See* Notice of Voluntary Dismissal, Dkt. 5 in *Menos I*.) That same day, Plaintiff filed the Complaint in New York Supreme Court, Kings County. The Complaint is substantially similar to the complaint in *Menos I*, but replaces Harper with Weaver as a defendant, and does not contain the Title VII and NYSHRL claims. (*See* Comp.) On March 16, 2022, Defendants timely removed the case to this Court on diversity jurisdiction grounds. (Notice of Removal ¶¶ 7-14).

The parties engaged in discovery, and the Court ordered that the completion of fact discovery be certified by September 27, 2022. (Scheduling Order at 1 (ECF Pagination), Dkt. 9.) On September 21, 2022, Plaintiff's counsel filed a Motion to Withdraw as Counsel, which was granted on October 7, 2022. (Pl. Mot. To Withdraw, Dkt. 14; Minute Entry and Order dated Oct. 7, 2022.) Plaintiff's current counsel appeared on November 29, 2022, and the parties continued conducting discovery. (Notice of Appearance, Dkt. 17; *see* Minute Entry and Order dated Dec. 6, 2022; Jan. 24, 2023 Status Report, Dkt. 20.) On January 25, 2023, the Court ordered that the "deadline for Plaintiff to file any motion for leave to amend the pleadings is extended to April 4, 2023." (Scheduling Order dated Jan. 25, 2023). The Court extended the time to certify the completion of fact discovery to April 13, 2023 (*Id.*), and then to April 21, 2023 (Minute Entry and Order dated Apr. 13, 2023).

On April 4, 2023, Plaintiff filed the Motion, seeking to amend her Complaint to add claims under Title VII and NYSHRL and include purportedly new facts obtained after deposing Weaver on March 20, 2023. (*See* Motion ¶¶ 5-6; Pl. Mem at 5 n.2, 5-10, Ex. 9 to Motion, Dkt. 21-9.)

3

## **DISCUSSION**

### I.     Whether Rule 15 or Rule 16 Governs

The parties contend that Rule 16 of the Federal Rules of Civil Procedure governs the Motion (Pl. Mem. at 5; Def. Mem. at 3-4) because the Motion was filed after the Court-ordered deadline for moving to amend the complaint. Rule 16(b)(4) states that "[a] schedule may be modified only for good cause and with the judge's consent." The "Rule 16(b) 'good cause' standard, rather than the more liberal standard of Rule 15(a), governs a motion to amend filed after the deadline a district court has set for amending the pleadings." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000); *see Allen v. United Parcel Serv., Inc.*, 988 F. Supp. 2d 293, 298 (E.D.N.Y. 2013).

Here, however, the Court extended the deadline for Plaintiff to file any motion for leave to amend the pleadings to April 4, 2023. (Scheduling Order dated Jan. 25, 2023.) Thus, when Plaintiff filed the Motion on April 4, 2023, she was in compliance with the Court's scheduling order. Accordingly, the Motion is governed by Rule 15 rather than Rule 16.

### II.    Legal Standard for Motion to Amend Complaint

Rule 15 of the Federal Rules of Civil Procedure provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave" once the period to amend as a matter of course under subsection 15(a)(1) has passed. Fed. R. Civ. P. 15(a)(2).

Rule 15 states that "[t]he court should freely give leave when justice so requires." *Id.*; *see Pinyuk v. CBE Grp., Inc.*, No. 17-CV-5753 (RRM)(CLP), 2019 WL 1900985, at *2 (E.D.N.Y. Apr. 29, 2019). This is a "liberal standard," consistent with the "strong preference for resolving disputes on the merits." *Loreley Fin. (Jersey) No. 3 Ltd. V. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (citation omitted). Leave to amend may be denied only "for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." *Id.* at *2 (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200-01 (2d Cir. 2007)). "Mere delay, however, absent a showing of bad faith or

undue prejudice, does not provide a basis for a district court to deny the right to amend." *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981). The opposing party bears the burden of showing good reason to deny amendment. *See Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). The determination of whether to grant or deny leave to amend "is within the sound discretion of the district court." *McCarthy*, 482 F.3d at 200.

### III. Plaintiff's Title VII Claims

In the Proposed First Amended Complaint ("PFAC," Dkt. 21-10), Plaintiff seeks to add two claims under Title VII—one for sex discrimination and/or sexual harassment, and another for retaliation. (*See* PFAC at 16, 17; Motion ¶¶ 5(a), (c).) Defendants argue that the Court should deny the Motion as to these causes of action because they are time-barred and would be futile. (*See* Mem. in Opp. at 10-12, Dkt. 23.)

In assessing whether a proposed amendment is futile, a court must evaluate whether the amendments are "sufficient to withstand a motion to dismiss under Rule 12(b)(6)." *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007); *see also IBEW Local Union No. 58 Pension Trust Fund & Annuity Fund v. Royal Bank of Scotland Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015) ("[T]he standard for denying leave to amend based on futility is the same as the standard for granting a motion to dismiss."). The Court must accept all allegations in the proposed amended complaint as true and draw all inferences in Plaintiff's favor to determine whether it states a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

To be timely, a Title VII claim "must be filed in federal district court within ninety days of the plaintiff's receipt of a right-to-sue letter from the EEOC." *Kelly v. N. Shore-Long Island Health Sys.*, No. 13-CV-1284 (JS)(WDW), 2014 WL 2863020, at *4 (E.D.N.Y. June 22, 2014) (citing 42 U.S.C. § 2000e-5(f)(1)).

Plaintiff received a right to sue letter from the EEOC on October 28, 2021, and, therefore, had until January 26, 2022, to file any action under Title VII related to the charge covered by that letter. Plaintiff commenced *Menos I*, alleging claims under Title VII on January 21, 2022, within the 90-day time period. However, on February 17, 2022, Plaintiff voluntarily dismissed her action in *Menos I*, filing the Complaint in state court instead, without the Title VII claims.

Plaintiff contends that her proposed amendments adding Title VII claims relate back to her "originally filed complaint" and are, therefore, timely. (Pl. Reply Br. at 4.)

"Rule 15(c) provides that in certain circumstances, '[a]n amendment to a pleading relates back to the date of the *original pleading*.'" *Olsen v. Steris Corp.*, No. 17-CV-4522 (SJF)(AYS), 2019 WL 3948022, at *3 (E.D.N.Y. Aug. 21, 2019) (citing Fed. R. Civ. P. 15(c)) (alteration in original) (emphasis added).

When Plaintiff filed the Complaint on February 17, 2022, it was already more than 90 days after she received the EEOC right to sue letter. Thus, the time for her to file any claims under Title VII had expired, and any claims that "relate back" to February 17, 2022, when the Complaint was filed, are likewise untimely. *See* Rule 15(c); *Gonzalez v. Rikers Island Warden*, No. 14-CV-6749 (RRM)(LB), 2017 WL 9674495, at *3 n.6 (E.D.N.Y. Dec. 11, 2017) (finding that Rule 15(c) "does not save the instant action" because the proposed amendment "only relates back to the date the original complaint was filed, which in this case was after the expiration of the three year statute of limitations"); *see also Bensinger v. Denbury Resources, Inc.*, 31 F. Supp. 3d 503, 510 (E.D.N.Y. 2014) ("A plaintiff may add a claim that is otherwise barred by the statute of limitations so long as the claim relates back to the date on which the original complaint was filed (assuming that date was within the limitations period)") (citation omitted); *Rosen ex rel. Egghead.Com, Inc. v. Brookhaven Capital Mgmt., Co.*, 179 F. Supp. 2d 330, 339 (S.D.N.Y. 2002) (noting that it is "well established that if the claim sought to be asserted in an amended complaint was time-barred at the time the original complaint was filed, the relation back doctrine will not save it") (citation omitted).

Plaintiff brought suit in *Menos I* timely, but voluntarily dismissed it. "It is generally accepted that voluntary dismissal or discontinuance of prior suits does not toll the statute of limitations.'" *Smith v. Mt. Sinai Hospital and Med. Ctr.*, No. 88-CV-3472 (CSH), 1990 WL 33576, at * 2 (S.D.N.Y. Mar. 22, 1990); *see also Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993) ("In instances where a complaint is timely filed and later dismissed, the timely filing of the complaint does not 'toll' or suspend the 90-day limitations period"). While a court may, in extraordinary circumstances, exercise "its general equitable powers [to] carve out exceptions to this rule to prevent manifest injustice," *Smith* at *2 (citing *Gutierrez v. Vergari,* 499 F.Supp. 1040, 1049 (S.D.N.Y.1980)), Plaintiff states no reason for her voluntary dismissal of *Menos I* or for why that dismissal should toll the time for her to file her Title VII claims. *See Hollenberg v. AT&T Corp.*, No. 95-CV-9515 (LMM), 2001 WL 1518271, at *2 (S.D.N.Y. Nov. 28, 2001) (dismissing as untimely an action filed more than ninety days after the EEOC letter when previously filed timely action was voluntarily dismissed and no basis for equitable tolling).

Plaintiff also cannot argue that Rule 15(c) permits relation back to the complaint in *Menos I*. The Second Circuit has made clear that "voluntary dismissal of a suit leaves the situation so far as procedures therein are concerned the same as although the suit had never been brought." *Hollenberg*, 2001 WL 1518271, at *2 (quoting *A.B. Dick Co. v. Marr,* 197 F.2d 498, 502 (2d Cir. 1952), *cert denied,* 344 U.S. 878 (1952)). By voluntarily dismissing *Menos I*, it is as if Plaintiff never filed that case, and, as it stands now, there is no complaint for the proposed Title VII claims to relate back to before February 17, 2022. When pressed for authority as to why her amendments should relate back to the complaint in *Menos I*, Plaintiff's counsel failed to provide any.

Accordingly, I find that Plaintiff's proposed amendments adding Title VII claims are futile and respectfully recommend denying Plaintiff's Motion as to those claims.

### IV. Plaintiff's NYSHRL Claims and Additional Factual Allegations

Plaintiff also seeks to amend the Complaint to add two claims under NYSHRL and some additional factual allegations. (*See* PFAC at 1-5, 10-13, 18-21; Motion ¶¶ 5(b), (d).)

Defendants oppose these amendments on the basis that "Plaintiff's undue and unjustified delay here are clear indicators of the bad faith behind her motion" and that "Plaintiff's latest counsel always intended to move for leave to amend the Complaint at the last moment – regardless of any purported 'newly discovered' facts." (Def. Mem. at 9-10). They also argue that permitting Plaintiff to amend the Complaint would cause Defendants prejudice because they would have to conduct costly additional discovery just as fact discovery was closing. (*See* Def. Mem. at 1-2, 8-10 ("Plaintiff's improper attempt to obtain a seemingly infinite discovery period through a delayed amendment should not be countenanced").)

Defendants base their claim of bad faith on the contention that Plaintiff could have moved to amend at an earlier date. However, "[s]imply alleging that the plaintiff could have moved to amend earlier than she did … is insufficient to demonstrate undue delay." *Francisco v. Abengoa, S.A.*, 559 F. Supp. 3d 286, 312 (S.D.N.Y. 2021) (alterations in original) (citation omitted). Such delay alone does not demonstrate bad faith. In addition, plaintiffs "need not prove that they uncovered new facts or law in order for this Court to grant leave to amend." *Affiliated FM Ins. Co. v. Liberty Mech. Contractors, Inc.*, No. 12-CV-5160 (KPF), 2013 WL 4526246, at *5 (S.D.N.Y. Aug. 27, 2013). Courts "will not deny a motion to amend simply because a plaintiff now 'alle[ges] facts that were previously within [its] knowledge.'" *Francisco*, 559 F. Supp. 3d at 312 (alterations in original) (citation omitted).

Defendants' claim of prejudice is also unavailing. Defendants conceded at oral argument that the parties have agreed that they will not conduct additional fact discovery should the Motion be granted. (*See also* Pl. Reply Br. at 4.)

Defendants bear the burden of showing why the proposed amendments should be denied. *See Block*, 988 F.2d at 350. They have failed to show undue delay, bad faith or prejudice with respect to the proposed amendments adding NYSHRL claims and additional factual allegations. I, therefore, respectfully recommend that Plaintiff's request to so amend the Complaint be granted.

## CONCLUSION

For the reasons stated above, I respectfully recommend that the Motion be denied with regard to the proposed amendments adding claims under Title VII, and granted with regard to the NYSHRL claims and additional factual allegations.

Any written objections to this Report and Recommendation must be filed within 14 days of service of this report. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to file objections within the specified time waives the right to appeal any order or judgment entered based on this Report and Recommendation. *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED:**

*Peggy Kuo*
PEGGY KUO
United States Magistrate Judge

Dated: May 24, 2023
Brooklyn, New York

9